Robert Nida (Bar No. 196081)
Matthew J. Luce (Bar No. 167381)
**NIDA & ROMYN, P.C.**
**A Professional Law Corporation**
12121 Wilshire Boulevard, Suite 1100
Los Angeles, California 90025
Telephone:  (310) 286-3400
rnida@nidaromyn.com
mluce@nidaromyn.com

Attorneys for Plaintiffs, TUTOR PERINI CORPORATION and TUTOR PERINI BUILDING CORPORATION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TUTOR PERINI CORPORATION, a Massachusetts corporation; and TUTOR PERINI BUILDING CORPORATION, an Arizona corporation,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY, a New York corporation; ZURICH AMERICAN INSURANCE COMPANY, a New York corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | **Case No.**<br><br>**COMPLAINT FOR:**<br><br>1.   **DECLARATORY RELIEF;**<br><br>2.   **BREACH OF CONTRACT.**<br><br>**[DEMAND FOR JURY TRIAL]** |

COMPLAINT

Plaintiffs TUTOR PERINI CORPORATION, a Massachusetts corporation ("TPC"), and TUTOR PERINI BUILDING CORPORATION, an Arizona corporation ("TPBC"), allege as follows:

## PARTIES

1. Plaintiff TPC is, and at all times herein mentioned was, a corporation duly formed, existing, and organized under the laws of the State of Massachusetts, with its principal place of business located in Sylmar, California. At all relevant times TPC was authorized to conduct business in California and procured the insurance policies at issue herein in California.

2. Plaintiff TPBC is, and at all times herein mentioned was, a corporation duly formed, existing, and organized under the laws of the State of Arizona, with its principal place of business located in Las Vegas, Nevada. At all relevant times TPBC was authorized to conduct business in California.

3. Plaintiffs TPC and TPBC (sometimes collectively referred to as "Plaintiffs") are informed and believe and thereon allege that Defendant American Guarantee and Liability Insurance Company ("AGLIC") is an insurance company and/or corporation organized or existing under the laws of the State of New York. Plaintiffs are informed and believe and thereon allege that at all times relevant herein, Defendant AGLIC was authorized to and was doing business in the State of California.

4. Plaintiffs are informed and believe and thereon allege that Defendant Zurich American Insurance Company ("Zurich") is an insurance company and/or corporation organized or existing under the laws of the State of New York. Plaintiffs are informed and believe and thereon allege that at all times relevant herein, Defendant AGLIC was authorized to and was doing business in the State of California.

5. DOES 1 through 10, inclusive, are sued herein under fictitious names. Plaintiffs are ignorant of the true names or capacities of the defendants sued herein

under the fictitious names DOE 1 through 10, inclusive. When their true names and capacities are ascertained, Plaintiffs will amend this Complaint by inserting their true names and capacities herein. Plaintiffs are informed and believe, and thereon allege, that each of the fictitiously named defendants is in some fashion legally responsible for BCC's damages. Plaintiffs are informed and believe further, and thereon allege that each of said fictitiously named DOE Defendants 1 through 10, inclusive, and each of them, was the agent, partner, alter ego, employee and/or servant of Defendants, acting within the scope of such agency, partnership, alter ego and/or employment, and with the permission and consent of each of the other defendants, and each is in some manner legally responsible for, and proximately caused, any injuries and damages to Plaintiffs alleged herein, and/or each otherwise has an interest in the matters adjudicated herein. Defendants AGLIC, Zurich, and DOES 1 through 10 shall sometimes collectively be referred to as "Defendants."

6. At all times herein mentioned, each of the Defendants was the agent and employee of each of the remaining Defendants and was acting within the scope of such agency and employment.

## JURISDICTIONAL STATEMENT

7. The jurisdiction of this Court over the subject matter of this action is predicted on 28 USC §1332, diversity between TPC, TPBC, and all defendants. The amount in controversy exceeds $75,000, exclusive of interest and costs.

## VENUE

8. Venue lies within this district in accordance with 28 USC §1391(b)(1), (c)(2), and (d) in this District. Herein, Defendants AGLIC and Zurich are entities with the capacity to sue and be sued in their common name under applicable law. In addition, Defendants AGLIC and Zurich solicited, issued and otherwise sold the subject insurance policies to TPC in Sylmar, California, for the protection of Plaintiffs.

# FACTUAL ALLEGATIONS

9. Zurich issued policy number GLO 5819877 to TPC with an initial policy period of December 23, 2013 to December 23, 2018 (the "General Liability Policy") through its agent, Alliant Insurance Services, Inc., an entity formed in and existing under the laws of the State of California, as reflected below and in a copy of the General Liability Policy, a true and correct copy of which is attached hereto as **Exhibit 1**.[1]

[Image of Zurich Common Policy Declarations showing: Policy Number GLO 5819877-00, Renewal of Number NEW, Named Insured TUTOR PERINI CORPORATION, 15901 OLDEN ST, SYLMAR CA 91342-1051, Producer ALLIANT INSURANCE SERVICES, INC., 333 S HOPE ST STE 3750, LOS ANGELES CA 90071-3047, Producer Code 13511-000, Policy Period: Coverage begins 12-23-2013 at 12:01 A.M., Coverage ends 12-23-2018 at 12:01 A.M., Name insured is Corporation]

10. TPBC is identified as an additional Named Insured on the General Liability Policy.

11. The policy period for the General Liability Policy was extended by endorsement(s) to February 28, 2021.

12. AGLIC issued policy number SXS 5819649 to TPC with an initial policy period of December 23, 2013 to December 23, 2018 (the "Straight Excess Liability Policy") through its producer, Alliant Insurance Services, Inc., an entity formed in and existing under the laws of the State of California, as reflected below and in a copy of the Straight Excess Liability Policy, a true and correct copy of which is attached

---

[1] The General Liability Policy has been redacted to protect Plaintiff TPC's confidential proprietary information.

1  hereto as **Exhibit 2**.[2]

> **Straight Excess Liability Policy**
> Declarations
>
> ZURICH®
>
> [X] AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY
> [ ] AMERICAN ZURICH INSURANCE COMPANY
> [ ] ZURICH AMERICAN INSURANCE COMPANY OF ILLINOIS
>
> Policy Number: SXS 5819649-00            Renewal of Number:  - - - - -
>
> 1. Named Insured:     TUTOR PERINI CORPORATION       Producer:   ALLIANT INSURANCE SERVICES, INC.
> 2. Mailing Address:   15901 OLDEN STREET                        333 S HOPE ST STE 3750
>                       SYLMAR, CA  91342-1051                    LOS ANGELES, CA  90071-3047
> 3. Policy Period:     FROM: 12/23/2013   TO: 12/23/2018
>                       at 12:01 A.M. Standard Time at the address of the Named Insured.

13.

14. TPBC qualifies as an insured on the Straight Excess Liability Policy.

15. The policy period for the Straight Excess Liability Policy was extended by endorsement(s) to February 28, 2021.

16. This is partially an action for declaratory relief pursuant to 28 U.S.C. §§2201-2202 and California Code of Civil Procedure §1060, *et seq.*, pursuant to which this Court may declare rights, status, and other legal relations of the parties with respect to the General Liability Policy and the Straight Excess Liability Policy (sometimes collectively referred to as the "Contractor-Controlled Insurance Policies", the "CCIP", the "Contracts of Insurance" and/or the "Policies") whether or not further relief is or could be claimed.

17. All of the parties herein are proper parties to this action in that each has or claims an interest that would be affected by the requested declarations.

18. On or about December 23, 2013, Defendants entered into contracts of insurance with TPC, whereby TPC agreed to make payments to Defendants in exchange for, among other things, Defendants' promise to indemnify the Insured for losses covered by the Policies, including damages "because of…'property damage'",

---

[2] The Straight Excess Liability Policy has been redacted to protect Plaintiff TPC's confidential proprietary information.

NIDA & ROMYN, P.C.
A PROFESSIONAL LAW CORPORATION
www.nidaromyn.com
(310) 286-3400

16.16-56
Complaint.1.docx

including "damages the insured becomes legally obligated to pay because of 'property damage' to 'your work' or caused by 'your work' and shall be deemed to be caused by an 'occurrence' regardless of whether the 'property damage' arises from breach of contract." *See*, **Exhibit 1** at p. 36.

19. TPBC was the general contractor for the construction of a fifty-one (51) story, dual-brand hotel development consisting of the 295-room "W Philadelphia" hotel and the 460-room "Element Philadelphia" hotel at 1441 Chestnut Street, Philadelphia, Pennsylvania (the "Project").

20. In addition to projects located in the State of California to which the Policies pertain, the Project is specifically enumerated as a "designed project" for which Defendants agreed to provide coverage to Tutor Perini under the Contracts of Insurance. *See*, **Exhibit 1** and **Exhibit 2.**

21. TPC faithfully paid policy premiums to Defendants, specifically to provide coverage for Tutor Perini with respect to the Project.

22. Upon information and belief, the Project was substantially complete by December 31, 2020.

23. Tutor Perini has been sued in consolidated litigation identified as "*Chestlen Development, L.P. v. Tutor Perini Building Corporation, et. al.*" under case number 210100645 [Designated as Lead Case for Case Management Purposes] (the "Underlying Litigation"). A copy of the Complaint in the Lead Case of the Underlying Litigation is attached as **Exhibit 3.**

24. The Underlying Litigation is complicated and alleges construction, design and engineering issues that are hotly contested by Plaintiffs and other parties.

25. Among other things, the owner of the Project, Chestlen Development, L.P. ("Chestlen") alleges that defective concrete floors and ceilings installed by or on behalf of Plaintiffs led to significant issues, damages and resulting delays to other work, including physical injury (i.e. deflection, cracking, deformation, misalignment) to windows, finishes, cabinetry and flooring.

26. Chestlen seeks damages from Plaintiffs in excess of the limits of the Policies, which total $27,000,000.00.

27. Plaintiffs tendered the Underlying Litigation to Defendants.

28. Defendants did not indicate to Plaintiffs that it required any additional information in order to evaluate coverage under the Policies with respect to the Underlying Litigation.

29. Defendants acknowledged the tender and determined that the Underlying Litigation does not implicate coverage under the Policies.

30. Though Plaintiffs have requested the same, Defendants have not yet resolved the claims against Plaintiffs in the Underlying Litigation.

31. Though Plaintiffs have requested the same, Defendants have not yet tendered the limits of the Policies to resolve the claims in the Underlying Litigation.

32. Accordingly, an actual controversy has arisen between Plaintiffs and Defendants as to the rights, duties, responsibilities and obligations of the parties with respect to coverage under the Policies with respect to the Underlying Litigation.

33. Based upon the same, Plaintiffs were required to and have retained counsel, including undersigned counsel, to protect its interests with respect to coverage under the Policies with respect to the Underlying Litigation.

## FIRST COUNT

### (For Declaratory Relief Against AGLIC, Zurich, And DOES 1 Through 10, Inclusive)

34. Plaintiffs re-allege each and every allegation contained in Paragraphs 1 through 33, inclusive, as though fully set forth herein.

35. Under California Code of Civil Procedure §1060, *et seq.*, the Court may declare rights, status, and other legal relations whether or not further relief is or could

be claimed.[3]

36. Plaintiffs are in doubt as to their rights, duties, and obligations owed to them pursuant to the Policies and the applicability of the Policies to the Underlying Litigation including but not limited to: (1) whether Defendants can meet their burden to prove that all the damages allegedly sustained in the Underlying Litigation are unambiguously excluded, (2) that all the damages allegedly sustained in the Underlying Litigation unambiguously occurred "during the course of construction" where such term(s) is/are not defined in the Policies, (3) that all the damages alleged sustained in the Underlying Litigation arose out of a defect deficiency, inadequacy or dangerous condition in "your work" or delay or failure by TPBC or anyone acting on its behalf to perform a contract or agreement in accordance with its terms; (4) that no damages alleged in the Underlying Action were sustained or will be sustained within ten years following the "project completion date" as that term is defined in the Polices; and (5) that damages arise out of and/or are because of delays in construction of the Project and are therefore excluded from coverage under the Policies.

37. Thus, Plaintiffs are in need of and entitled to a judicial declaration of their rights regarding the same.

38. More specifically, Plaintiffs believe coverage is available under the Policies because the damages claimed against Plaintiffs in the Underlying Litigation:

    a. Constitute an "occurrence" or multiple occurrences under the Policies;

    b. Constitute "property damage" under the Policies;

    c. Include property damage to other work;

    d. Include damages "because of…'property damage'";

---

[3] Because, among other things, the Contracts of Insurance concern property located in California and were issued by Insurers licensed to conduct insurance business in California to a California business using a California agent/producer, California law applies. See, e.g., Cal. Civ. Code §1646; (a "contract is to be interpreted according to the law and usage of the place where it is to be performed; or, if it does not indicate a place of performance, according to the law and usage of the place where it is made.").

      e.    Include damages not unambiguously excluded by Endorsement U-GL-1301-B-CW (04/11)

      f.    Include damages not exclusively based on delays in construction of the Project;

      g.    Include damages which occurred or allegedly occurred following completion of the Project; and

      h.    Are covered under the Policies.

39. Plaintiffs have complied with all conditions precedent to the filing of this lawsuit, and notwithstanding the same, Defendants denied and/or reserved their rights to deny the claims in question to Plaintiffs. Alternatively, to the extent that Plaintiffs have failed to comply with any conditions precedent, the failure to comply with the same did not prejudice and/or is immaterial as an immaterial breach of the subject Contracts of Insurance as such claims were or would have been denied by Defendants Alternatively, Defendants waived any such conditions and/or are estopped from asserting any defenses related to conditions precedent.

40. Plaintiffs have been required to retain counsel and are obligated to pay them a reasonable fee for their services.

## SECOND COUNT

### (For Breach Of Written Contract Against AGLIC, Zurich, And DOES 1 Through 10, Inclusive)

41. Plaintiffs re-allege each and every allegation contained in Paragraphs 1 through 40, inclusive, as though fully set forth herein.

42. Tutor Perini demanded that Defendants defend and indemnify them for the claims that are the subject of the Underlying Litigation pursuant to the Policies.

43. Defendants have refused benefits due and owing to Plaintiffs under the Policies, including indemnity for damages alleged in the Underlying Litigation and covered by the Policies such that Defendants remain at risk in the Underlying Litigation and have been forced to retain undersigned counsel to pursue coverage.

44. Plaintiffs have complied with all conditions precedent to the filing of this lawsuit, and notwithstanding the same, Defendants denied and/or reserved their rights to deny the claims in question to Plaintiffs. Alternatively, to the extent that Tutor Perini has failed to comply with any conditions precedent, the failure to comply with the same did not prejudice and/or is immaterial as an immaterial breach of the subject Contracts of Insurance as such claims were or would have been denied by Defendants Alternatively, Defendants waived any such conditions and/or are estopped from asserting any defenses related to conditions precedent.

WHEREFORE, Plaintiffs pray as follows for all causes of action:

**ON THE FIRST COUNT:**

1. Declare the rights of the parties as follows:

   a. That this Court has jurisdiction over the respective parties;

   b. That this Court has jurisdiction over the subject matter;

   c. That Defendant(s) owe a duty to defend Plaintiffs as an insured and/or as an additional insured under the Policies with respect to the Underlying Litigation;

   d. That the Policies were in full force and effect at all times relevant to the claims asserted against Plaintiffs in the Underlying Litigation;

   e. That any and/or all of the damages and/or claims referenced in the Underlying Litigation against Plaintiffs represent covered losses under the Policies;

   f. That each Defendant owes a duty to indemnify Plaintiffs under each of the Policies from all of the claims against them in the Underlying Litigation;

   g. That no exclusions or other limitations of coverage contained in the Policies are applicable to the claims against Plaintiffs in the Underlying Litigation;

  h. That no exclusions or other limitations of coverage contained in the Policies are unambiguous with respect to the claims against Plaintiffs in the Underlying Litigation;

  i. That Plaintiffs qualify as insureds under the Policies;

  j. That Plaintiffs are entitled to damages in the amount of the covered damages awarded against either or both Plaintiffs in the Underlying Litigation; and

  k. Plaintiffs are entitled to recovery of their defense attorneys' fees and costs in defense of the Underlying Litigation.

**ON THE SECOND COUNT:**

 2. For actual damages in an amount subject to proof at trial, including all including pre-and post-judgment interest, taxable costs, attorneys' fees;

**ON ALL COUNTS:**

 3. For Plaintiffs' costs of suit herein; and

 4. For such further relief as the Court deems just and proper.

DATED:  December 27, 2024  NIDA & ROMYN, P.C.
             A Professional Law Corporation


            By:  /s/ MATTHEW J. LUCE
              Robert Nida
              Matthew J. Luce
              Attorneys for Plaintiffs TUTOR PERINI CORPORATION and TUTOR PERINI BUILDING CORPORATION

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

DATED: December 27, 2024

NIDA & ROMYN, P.C.
A Professional Law Corporation

By:     /s/ MATTHEW J. LUCE
Robert Nida
Matthew J. Luce
Attorneys for Plaintiffs TUTOR PERINI CORPORATION and TUTOR PERINI BUILDING CORPORATION